L. A. ANDREW, State Superintendent of Banking, Appellant, v. FARMERS SAVINGS BANK OF ODEBOLT et al., Appellees.

No. 39482.

MAY 14, 1929.

·  *Snell Bros.*, for appellant.

*Rex H. Fowler* and *P. W. Harding*, for appellees.  ·

DE GRAFF, J.—William Rhule died on the 13th day of February, 1923, leaving surviving him a spouse, Delilah Victoria Rhule, and six children.  On March 3d following, the surviving spouse and these six children entered into a stipulation, whereby it was mutually agreed that each of the children would waive his or her statutory right to apply for administration of the estate, in favor of the mother, who should make application for the appointment of the Farmers Savings Bank of Odebolt, Iowa, as administrator.

Under the terms of the stipulation in question, each of the subscribing parties expressly waived his or her right to receive directly at that time his or her share from the proceeds of the estate, but it "directs that all moneys or property remaining after the estate be administered" shall be turned over to the Farmers Savings Bank of Odebolt, Iowa, to be held in trust, upon certain conditions named in the stipulation.  This stipulation may be conceded to be binding *inter se* as to the subscribing parties, but this fact is not determinative of the case.

The Farmers Savings Bank of Odebolt was duly appointed and qualified as administrator, and took charge of the estate and performed the duties incident to the office of such administrator. It was familiar with the terms of the stipulation.  However, the administrator was never discharged.

On the 19th day of January, 1927, the bank suspended business, and L. A. Andrew, superintendent of banking, was appointed receiver, as provided by law.  All the subscribers to the

254

stipulation joined in filing a claim with the said receiver for the balance in possession of the bank, in the sum of $4,084.83, and asked that same be allowed as a preferred claim, which preference was decreed. The superintendent of banking of Iowa appeals. At the time the receiver took charge, the bank had on hand, belonging to this estate, $318.02 carried in open account, and a certificate of deposit in the amount of $3,500, drawing 4 per cent interest.

By reason of the fact that the administrator was never discharged, it must be viewed, at the time of trial, as an administrator, and not as a trustee, under the signed stipulation; and since we entertain this viewpoint, the provisions of Chapter 152, Acts of the Thirty-fifth General Assembly, must be taken into consideration. Since the said bank, as administrator, came into the possession of all of the estate property, by virtue of its appointment and the provisions of this chapter, its acts and conduct in relation to the estate property must be controlled by the provisions of the statute. Section 3 of the chapter heretofore mentioned (now Section 9290, Code of 1927), requires that a savings bank shall keep separate from its corporate funds or property of the corporation, the property so received by it as administrator, and further provides that the funds thus in the hands of the bank as administrator ''shall not be liable for the debts or obligations of such corporation.''

It is sufficient to state that our holding in *Leach v. Farmers Sav. Bank of Hamburg*, 205 Iowa 114, is controlling, and determinative of the point in issue.

The decree of the trial court is, therefore,—*Affirmed.*

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.